UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

NICOLE JOHNSON, on behalf
of herself and those similarly
situated,

    Plaintiff,                    CASE NO.:

vs.

GONZO MARKETING SERVICES,
LLC d/b/a GMS CONNECT
a Florida Limited Liability
Company,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action)

COMES NOW the Plaintiff, NICOLE JOHNSON ("Plaintiff"), on behalf of herself and those similarly situated, by and through the undersigned counsel, and hereby files this Complaint against the Defendant, GONZO MARKETING SERVICES, LLC d/b/a GMS CONNECT ("Defendant"), a Florida Limited Liability Company, for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and alleges as follows:

## INTRODUCTION

1. This is an action by the Plaintiff, on behalf of herself and others similarly situated, against her employer for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* Jurisdiction is proper in this court pursuant 29 U.S.C. § 216.

## VENUE

3. The venue of this Court over this controversy is proper based upon the Defendant's principal place of business being located within this District and Division, specifically, Ft. Lauderdale, Broward County, Florida.

## PARTIES

4. Plaintiff and those similarly situated worked as Customer Service Representatives for Defendant in Florida.

5. Plaintiff has been employed with Defendant since approximately July 2020.

6. Upon information and belief, Defendant, GONZO MARKETING SERVICES, LLC d/b/a GMS CONNECT, provides customer contact services to health plans, insurance companies and other commercial entities.

7. Defendant's principal place of business is located in Ft. Lauderdale, Broward County, Florida.

## FLSA ENTERPRISE COVERAGE

8. At all material times (2018-2021), Defendant was an enterprise subject to the FLSA's provision on overtime wages.

9. At all times material hereto, Defendant was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

10. At all material times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person (i.e., alarm parts, surveillance equipment, uniforms, telephones and/or other mobile devices).

11. Defendant's employees utilized and/or transported goods which engaged in interstate commerce, handling or otherwise working with materials that have been moved in or produced for interstate commerce (i.e., alarm parts, surveillance equipment, uniforms, computers, telephones and/or other mobile devices).

12. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

13. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time period.

## FACTUAL ALLEGATIONS

15. Plaintiff was hired in July 2020 and continues to work as a Customer Service Representative for the Defendant in the state of Florida.

16. As a Customer Service Representative, Plaintiff's job duties include but are not limited to, interacting with customers to provide information about an entity's products and services.

17. Plaintiff is paid at a rate of $13.00 per hour.

18. Plaintiff is a full-time employee.

19. Plaintiff is an "employee" of Defendant within the meaning of FLSA.

20. Throughout her employment with Defendant, Plaintiff worked in excess of forty (40) hours per work week during one or more work weeks.

21. Plaintiff worked an average of ten (10) hours over 40 hours per week.

22. Defendant knew or should have known of Plaintiff's schedule and hours worked each week.

23. Plaintiff is eligible to be paid overtime pay at time and one half her regular rate of pay.

24. Plaintiff has not been compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

25. Due to this pay policy or practice by the Defendant, Plaintiff was not properly paid overtime compensation for overtime hours worked.

26. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

27. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

28. Plaintiff complained to Defendant regarding how she was paid.

29. Defendant did not investigate Plaintiff's claims.

30. Because Defendant refused to correct the manner in which Plaintiff is paid, Plaintiff is owed overtime pay for all hours worked over 40 hours per week for the past three (3) years.

## COLLECTIVE ACTION ALLEGATIONS

31. Defendant employs other Customer Service Representatives as part of its business operations.

32. Security Officers perform similar job duties as Plaintiff in that they interacted with customers to provide information about an entity's products and services.

33. Upon information and belief, Defendant also paid class members an hourly rate.

34. Upon information and belief, Customer Service Representatives were full-time employees.

35. Customer Service Representatives were treated equally by Defendant.

36. Defendant's Customer Service Representatives are the putative class members for this potential collective action

37. Plaintiff and those similarly situated worked in excess of forty (40) hours per work week during one or more work weeks.

38. The class members worked a similar amount of average overtime hours as Plaintiff

39. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were subject to working without receiving proper compensation in the form overtime pay.

40. Defendant's common policy violations have caused Plaintiff and the class members to receive less than time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

41. Thus, the class members are similar with regard to their wages for the same reasons as Plaintiff.

42. Plaintiff and all class members worked in the State of Florida.

43. Plaintiff and all class members in the State of Florida were not guaranteed time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

44. During the relevant period, Defendant violated the FLSA, by improperly paying Plaintiff and the class members.

45. As to the FLSA claims, Plaintiff seeks conditional certification under 29 U.S.C. §216(b):

> **All Customer Service Representatives who worked for Defendant within Florida during the last three (3) years preceding this lawsuit who were not paid time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.**

46. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

47. Plaintiff re-alleges and incorporates paragraphs 1-46 as if fully set forth herein.

48. Plaintiff and those similarly situated regularly worked in excess of forty (40) hours per week.

49. Plaintiff and those similarly situated were not properly compensated at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours each workweek.

50. Plaintiff and those similarly situated were and are entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

51. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

52. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff and those similarly situated for overtime for all hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

53. Defendant failed to properly disclose or apprise Plaintiff and those similarly situated of their rights under the FLSA.

54. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and those similarly situated suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

55. Plaintiff and those similarly situated are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

56. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to the Plaintiff and those similarly situated by virtue of the management policy, plan, or decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

57. Based upon information and belief, Plaintiff and those similarly situated were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay proper overtime wages.

58. Plaintiff and those similarly situated demand a trial by jury.

59. Defendant violated Title 29 U.S.C. §207 for the relevant period of time in that:

   a. Plaintiff and those similarly situated worked in excess of forty (40) hours per week for the period of employment with Defendant;

   b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff and those similarly situated at the statutory rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

   c. Defendant failed to maintain proper time records as mandated by the FLSA.

WHEREFORE, Plaintiff, on behalf of herself and those similarly situated, respectfully prays for the following relief:

    a.    Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Security Officers who work or have worked for Defendant during the Collective Period. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

    b.    payment to her and all class members of overtime wages for all hours worked in excess of forty (40) hours per work week at the correct rate pursuant to the FLSA;

    c.    an equal amount of liquidated damages pursuant to the FLSA, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

    d.    reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiffs in prosecuting this case pursuant to the FLSA;

    e.    conditional certification of this case as a class action under the provisions of 29 U.S.C. §216(b);

    f.    a reasonable service award for the named Plaintiff to compensate her for the time she spent attempting to recover wages for FLSA Collective Members and for the risks she took in doing so; and

    g.    any other relief that Plaintiff and the class members may be due or entitled.

    h.    Any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable against Defendant.

DATED: April 9, 2021                    Respectfully submitted,

                                              ***/s/ Carlos V. Leach***
                                              Carlos V. Leach, Esq.
                                              FL Bar No.: 540021
                                              The Leach Firm, P.A.
                                              631 S. Orlando Ave., Suite 300

        Winter Park, Florida 32789
        Telephone: (407) 574-4999
        Facsimile: (833) 423-5864
        E-mail: cleach@theleachfirm.com
        E-mail: npacheco@theleachfirm.com
***Attorneys for Plaintiff***