UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

NICOLE JOHNSON, on behalf
of herself and those similarly
situated,

    Plaintiff,                                 CASE NO.: 21-CV-60775

vs.

GONZO MARKETING SERVICES,
LLC d/b/a GMS CONNECT
a Florida Limited Liability
Company,

    Defendant.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND MOTION TO DISMISS THE CASE WITH PREJUDICE
AND SUPPORTING MEMORANDUM OF LAW**

    Plaintiff, NICOLE JOHNSON, on behalf of herself and those similarly situated ("Plaintiff"), and Defendant, GONZO MARKETING SERVICES, LLC d/b/a GMS CONNECT, ("Defendant") (Plaintiff and Defendant are collectively the "Parties"), by and through their undersigned counsel jointly request that this Court approve the Parties' settlement and dismiss the above captioned matter with prejudice.

**STATEMENT OF FACTS**

    1.    On April 9, 2021, Plaintiff filed a civil action in the United States District Court for the Southern District of Florida, Ft. Lauderdale, Division

1

Case No. 0:21-cv-60775-LSS.  (*See* Document 1).

2. On May 18, 2021, Defendant filed a Motion to Dismiss for Failure to State a Claim with regard to Plaintiff's Complaint. (*See* Doc. 13)

3. Plaintiff filed a First Amended Complaint Pursuant to F. R. C. P. 15 (a)(1)(B) on June 1, 2021. (*See* Doc. 18)

4. Plaintiff's First Amended Complaint claims entitlement to unpaid overtime wages, liquidated damages, and attorneys' fees pursuant to The Fair Labor Standards Act ("FLSA").

5. Defendant disputes Plaintiff's claims in this action.

6. The Parties have agreed to fully and completely resolve this matter.

7. The Parties agree that the terms of the settlement constitute a fair and reasonable resolution of Plaintiff's claims in this matter.  In fact, technically there is no need to the Court to review the settlement, since Plaintiff will receive an amount that fully compensates here for any alleged damages.  *See Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982).  Here, there is *no compromise* of her claims at all.

8. A written Settlement Agreement has been prepared that memorializes the terms of the Parties' settlement.  In accordance with the applicable requirements for settling an FLSA claim, the Parties hereby jointly

seek the Court's approval of the settlement reached in this matter. A copy of the Settlement Agreement is attached as Exhibit A.

9. Provided that the Court approves the terms of the Settlement Agreements, the Parties further move the Court to enter an Order granting the instant Motion to Approve Settlement Agreements and dismissing Plaintiff's claims with prejudice.

## MEMORANDUM OF LAW

### I. FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE

#### A. The Settlement is Reasonable and Fair.

Pursuant to the case law of this Circuit, judicial review and approval of this tentative settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food Stores,*

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them.
> . . .The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

3

*Id.* at 1352-53.

The Court should approve a FLSA settlement if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (i) the existence of fraud or collusion behind the settlement:
> (ii) the complexity, expense, and likely duration of the litigation;
> (iii) the stage of the proceedings and the amount of discovery completed;
> (iv) the probability of Plaintiff's success on the merits:
> (v) the range of possible recovery; and
> (vi) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007). *See also Hill v. Florida Industrial Elec., Inc.,* No. 6:06-cv-915-Orl- 31JGG, 2007 U.S. Dist. LEXIS 9498, at *6, (M.D. Fla. Feb. 9, 2007); *Pacheco v. JHM Enterprises, Inc., et al.,* No. 6:05-cv-1247-Orl-JGG, 2006 U.S. Dist. LEXIS 22066, at *4 (M.D. Fla. Apr. 12, 2006). The Court should apply the strong presumption in favor of finding a settlement fair. *Hamilton,* 2007 U.S. Dist. LEXIS at * 2-3. *See also Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977).

### B. The Relevant Criteria Support Final Approval of the Settlement.

#### i. There is no fraud or collusion behind the settlement.

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to Plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each Party was independently represented by counsel. Defendant was represented by Shaina Thorpe, Esq. of Thorpe Law, P.A., and Peter Konolige, Esq. Plaintiff was represented by Carlos V. Leach, Esq. of The Leach Firm, P.A. All the counsel involved have extensive experience litigating claims under the FLSA. Each counsel was obligated to, and did, vigorously represent their clients' rights.

As discussed further below, the amounts to be paid to Plaintiff represents more than 100% of the damages she alleged.

#### ii. The complexity, expense, and length of future litigation support the reasonableness of this settlement.

The Parties continue to disagree over the merits of the claims asserted by Plaintiff. Plaintiff contends that she was not paid for all overtime hours worked. Defendant contends that Plaintiff was paid for all compensable hours worked. Defendant further contends that even assuming *arguendo* Plaintiff worked any time that she was not paid for, such time was *de minimis*. If this case is litigated further, Plaintiff will bear the burden of

5

proving that she performed work for which she was not properly compensated. *See Reyna v. Conagra Foods, Inc.,* No. 3:04-cv-39, 2006 U.S. Dist. LEXIS 89690, at *10 (M.D. Ga. 2006), *citing Anderson v. Mt. Clemens Pottery Co.,* 382 U.S. 680, 687, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946).

Defendant, in turn, will have to prove that it kept accurate records of Plaintiff's wages, correctly paid all overtime hours in compliance with the FLSA, and other conditions and practices of employment, and that it paid Plaintiff the appropriate applicable minimum wage. *See Jackson v. Corr. Corp. of Am.*, No. 14-11010, 2015 U.S. App. LEXIS 5193, at *16-17 (citing *Allen v. Bd, of Pub. Educ.*, 495 F.3d 1306, 1314-15 (11th Cir. 2007)). Should this matter proceed, the Parties will bear the substantial expense of litigating these disputed issues. This settlement, therefore, is a reasonable means for all Parties to minimize future risks and litigation costs.

    iii. <u>There has been sufficient investigation and exchange of information to allow the Parties to make educated and informed decisions.</u>

The next factor the court should consider is the stage of the proceedings and the amount of discovery completed. The Parties have exchanged information regarding the Plaintiff's hours worked and compensation, and the Parties' counsel have had additional discussions and exchange of information relating to the claims and defenses. In agreeing upon the proposed settlement, the Parties exchanged sufficient information to allow

them to make an educated and informed analysis and conclusion.

    iv.   <u>Plaintiff's probability of success on the merits is uncertain.</u>

Plaintiff's probability of success on the merits are also uncertain, further suggesting that this settlement is fair and appropriate. Plaintiff asserts that the Defendant did not correctly compensate the Plaintiff for all hours worked over 40 hours per week. Meanwhile, Defendant contends that it did properly pay Plaintiff for overtime hours worked and that Plaintiff has been compensated for all amounts to which she was entitled. Defendant believes it can present credible evidence that Plaintiff was paid the at one and half times her regular hourly rate of pay for all hours worked over 40 hours per week.

    v.   <u>Plaintiff's range of possible recovery.</u>

After a review of all relevant records, Plaintiff estimates her damages at $900 ($1,800 including liquidated damages). Here, Plaintiff will receive $1,900.00, which is $100.00 more than 100% of her alleged damages, including any alleged liquidated damages. That additional $100.00 is sufficient consideration for Plaintiff agreeing to the general release and non-disparagement clauses of the settlement .

    vi.   <u>The Parties weighed the opinions of counsel in deciding whether to settle.</u>

Finally, all Parties were represented by counsel who have experience litigating FLSA claims. The Parties weighed the opinions of their counsel in

deciding whether to settle. Accordingly, the Court should find that their recovery is a fair and reasonable settlement of a bona fide dispute.

### C. The "Compromise" of Plaintiff's FLSA Claim is Reasonable.

There is a *bona fide* issue as to whether Plaintiff worked the number of hours she is claiming. The settlement is a fair resolution of a *bona fide* dispute because both Parties risk the possibility that the Court or a jury would find against them should this matter proceed to trial.

Additionally, Plaintiff did not unfairly "compromise" her claims. Plaintiff's damage calculations discussed between the parties after exchanging documents and information related to the allegations, asserted that she was owed up to $1,800.00, which is comprised of $900.00 in back wages and an equal amount in liquidated damages. In the settlement, Plaintiff receives a total amount of $1,900.00, which is more than her claimed damages. Therefore, there is no compromise.

### D. The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). The attorney's fees

8

and costs that the Parties agreed upon for Plaintiff's counsel, were negotiated separately from and without regard to the settlement sums being paid to Plaintiff. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating, "if the parties submit a proposed FLSA settlement that (1) constitutes a compromise of the Plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the Plaintiff's claims; and (3) represents that the Plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the Plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the Plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiff's counsel."). The attorney's fees and costs negotiated separately in this matter are fair and reasonable.

## **CONCLUSION**

As demonstrated above, the settlement terms are fair, reasonable, and adequate. Thus, the Parties hereby jointly stipulate that the case should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a), upon approval of the settlement by the Court as requested above, and for the Court to retain jurisdiction in order to enforce the terms of the settlement

agreement if needed.

WHEREFORE, the Parties respectfully request that the Court (i) GRANT this Joint Motion for Approval of the Settlement; (ii) APPROVE the settlement outlined in this motion and the attached settlement agreement and dismiss the lawsuit with prejudice; and (iii) GRANT such further relief as the Court deems appropriate.

Date: <u>October 14, 2021.</u>

<u>*/s/ Carlos V. Leach, Esq.*</u>
Carlos V. Leach, Esq.
FL Bar No.: 540021
THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, Florida 32789
Office: (407) 574-4999
Facsimile: (407) 960-4789
Email: cleach@theleachfirm.com
Email: npacheco@theleachfirm.com

***Attorneys for Plaintiff***

<u>*/s/ Shaina Thorpe, Esq.*</u>
Shaina Thorpe, Esq.
FL Bar No.: 55464
THORPE LAW, P.A.
1228 East 7th Ave., Suite 200
Tampa, FL 33605
Telephone: (813) 400-0229
Facsimile: (813) 944-5223
Email: shaina@thorpelaw.com
Email: admin@thorpelaw.com

Peter Konolige, Esq.
Admitted Pro Hac Vice
Louisiana Bar No.: 38034
Pennsylvania Bar No.: 45430
1205 Houma Blvd.
Metairie, Louisiana 70001
Telephone: (484) 557-5358
Email: pkonolige@aol.com

***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of October, 2021., the foregoing was electronically filed with the Court by using the Southern District of Florida's CM/ECF portal, which will send a notice of electronic filing to all counsel of record.

*/s/ Carlos V. Leach, Esq.*
Carlos V. Leach, Esq.
FL Bar No.: 540021