UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSENT CASE

CASE NO. 21-60775-CIV-SNOW

NICOLE JOHNSON, on behalf of herself
and those similarly situated,

      Plaintiff,

v.

GONZO MARKETING SERVICES, LLC
d/b/a GMS CONNECT,

      Defendant.

_____/

ORDER

THIS CAUSE is before the Court on Plaintiff, Nicole Johnson, on behalf of herself and those similarly situated ("Plaintiff"), and Defendant, Gonzo Marketing Services, LLC d/b/a GMS Connect's, ("Defendant"), Joint Motion for Approval of Settlement and Motion to Dismiss the Case with Prejudice. (ECF No. 37) The Honorable William P. Dimitrouleas referred this case to Magistrate Judge Lurana S. Snow to conduct all further proceedings including entry of judgment in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, pursuant to the consent of the parties. (ECF No. 30) The Court has carefully considered the Joint Motion (ECF No. 37), the court file and applicable law, and is otherwise fully advised in the premises.

I. BACKGROUND

On June 20, 2021, Plaintiff filed the present action seeking unpaid overtime

wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 2216(b). (ECF No. 18) According to Plaintiffs' allegations, Defendant is a Florida limited liability company providing customer contact services to health plans, insurance companies, and other commercial entities. (ECF No. 18 at ¶ 6) Plaintiff was employed full-time by Defendant as a Customer Service Representative, from approximately June 2020 through April 2021. (ECF No. 18 at ¶¶ 15, 18, 19) During her employment, Plaintiff alleges that she worked in excess of forty (40) hours per week during one or more workweeks, sometimes ten (10) hours or more in excess of forty (40) hours per week. (ECF No. 18 at ¶ 20-21)

Additionally, Plaintiff alleges that Defendant would intentionally "shave" or reduce hours from her weekly total to avoid paying Plaintiff overtime pay. (ECF No. 18 at ¶ 22) Once Plaintiff realized her hours were being reduced, she complained to Defendant's management team. (ECF No. 18 at ¶ 24) Her hours were subsequently corrected to reflect the accurate hours worked for that one pay period but were not corrected as to the other pay periods where her hours were reduced. (ECF No. 18 at ¶¶ 25-29) On July 23, 2021, the Court denied Defendant's Motion to Dismiss for Failure to State a Claim and alternate Motion for Summary Judgement (ECF No. 23) (ECF No. 35) The Motion is now ripe for review.

## II. Discussion

In <u>Lynn's Food Stores, Inc. v. U.S. Dept. of Labor</u>, the Eleventh Circuit Court of Appeals held as follows:

"[t]here are only two ways in which back wage claims arising

2

under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them.... [Second,] [w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

Lynn's Food Stores, Inc., 679 F.2d 1350, 1352-53 (11th Cir. 1982).

In the instant Motion the parties pursue the second route outlined in Lynn's Food Stores, and seek the Court's approval of their proposed settlement  agreement (ECF No. 37-1). Id. at 1353.  "Before the Court may approve the settlement, it must scrutinize it to determine whether it is a fair and reasonable resolution of a bona fide dispute." Hamilton v. Frito-Lay, Inc.,  No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *3 (M.D. Fla. Jan. 8, 2007) (citing Lynn's Food Stores, Inc., 679 F.2d at 1354-55).  However,"[w]here the employer offers the  plaintiff  full compensation on his  FLSA claim, no compromise is involved and judicial approval is not required." Id. (citing Mackenzie v. Kindred Hosps. E., L.L.C., 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)).

Courts in this Circuit have adopted the factors used in approving settlements of class action law suits when determining whether an FLSA settlement is fair and reasonable. See e.g., Id. at 3-4.  Those factors are as follows:

(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Id. at 4 (citing Leverso v. S. Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527, 1531 n.6

3

(11th Cir. 1994)).

As an initial matter the Court notes that the parties' proposed settlement, offers Plaintiff $1,900 which is $100 more than Plaintiff's total estimate of her damages including liquidated damages. (ECF No. 37 at 7) In <u>Mackenzie v. Kindred Hosps. E., L.L.C.</u>, the Court held that there was no need for judicial scrutiny of a settlement agreement when the defendant represented that it had offered the plaintiff more than full relief, and the plaintiff did not dispute this representation. <u>Mackenzie</u>, 276 F. Supp. 2d at 1217. In the instant case as in <u>Mackenzie</u>, Defendant represents that it is offering Plaintiff $100 more than Plaintiff's own estimate of her damages including any liquidated damages. (ECF No. 37 at 7) Accordingly, on this basis alone it would be proper for the Court to find that the proposed settlement is reasonable and requires no further judicial scrutiny. <u>See</u> <u>Mackenzie</u>, 276 F. Supp. 2d at 1217.

However, in the interest of thoroughness the Court will also analyze the settlement under the factors outlined above, to determine if the settlement is fair and reasonable. First, the Court finds that there was no fraud or collusion behind the proposed settlement because each party was independently represented by counsel who had extensive experience in litigating FLSA claims and the amount of damages to be paid to Plaintiff exceed the total amount Plaintiff alleged. (ECF No. 37 at 5); <u>see e.g.,</u> <u>Helms v. Cent. Fla. Reg. Hosp.</u>, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006) (finding the settlement of an FLSA claim to be reasonable when there was no suggestion of collusion, the parties were represented

by independent counsel, and the settlement amount was 100 percent of plaintiff's unpaid overtime wages plus liquidated damages).

Second, the Court finds that the parties continue to disagree over the merits of the claims asserted by Plaintiff in regard to her alleged unpaid overtime. (ECF No. 37 at 5) The Court finds that if this matter were to proceed the Parties would bear the expense of litigating these disputed issues which outweigh the value of the underlying case itself. Accordingly, this settlement is a reasonable means for the parties to resolve their dispute and minimize further risks and litigation costs.

Third, the parties state that they have exchanged sufficient information relating to the claims and defenses to allow both sides to make an educated and informed analysis of the likely ultimate result in the case. (ECF No. 37 at 6-7) As neither party disputes this the Court finds no reason to doubt the veracity of this statement. Accordingly, this factor is also satisfied.

Fourth, the Court finds that Plaintiff's probability of success on the merits is uncertain. Plaintiff argues that Defendant did not correctly compensate Plaintiff for all overtime hours worked meanwhile Defendant contends that it can prove that Plaintiff was properly paid for all overtime hours worked. (ECF No. 37 at 7) Further, the Court notes that Defendant's Motion to Dismiss for Failure to State a Claim and in the alternative for Summary Judgment was denied in this case demonstrating that there are issues which require further litigation. (ECF No. 35)

Fifth, as discussed above, the Court finds that Defendant is offering to pay Plaintiff $1,900 which is $100 more than Plaintiff's own estimate of her total

damages. (ECF No. 37 at 7) Sixth, the parties indicate that their counsel have extensive experience in litigating FLSA claims and that the parties weighed the opinions of their  counsel in deciding to settle the instant case.  (ECF No. 37 at 8) Accordingly, the Court concludes that these factors also weigh in favor of finding the proposed settlement to be fair and reasonable.

Finally, the Court finds that the proposed  attorneys' fees to be  paid  to Plaintiff's counsel are reasonable.  In Bonetti v. Embarq Mgmt. Co., the Court held that:

> if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement ... ; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

Bonetti, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  In the instant case the parties indicate that the attorneys' fees and costs  "were negotiated separately  from  and without regard to the  settlement sums being  paid to Plaintiff." (ECF No. 37 at 8-7) Neither party disputes this and as discussed above, as Plaintiff is being fully compensated for her underlying claim, there is no indication  that the agreement for attorneys' fees had  any negative  impact  on  the  amount of Plaintiff's recovery. Accordingly,  the  Court approves  the Parties proposed  settlement (ECF No. 37-1), without separately considering the reasonableness of the fee to be paid to Plaintiff's

counsel. <u>See</u> <u>Bonetti</u>, 715 F. Supp. 2d at 1228.

### III. CONCLUSION

Having carefully considered the Parties' Joint Motion for Approval of Settlement and Motion to Dismiss the Case with Prejudice (ECF No. 37), the court file, and applicable law, it is hereby,

ORDERED AND ADJUDGED that the Parties' Joint Motion for Approval of Settlement and Motion to Dismiss the Case with Prejudice (ECF No. 37) is GRANTED, the terms of which are set forth in detail in ECF No. 37-1. Accordingly, this case is DISMISSED WITH PREJUDICE. The Court shall retain jurisdiction over this matter in order to enforce the terms of the settlement agreement if necessary.

DONE AND ORDERED at Fort Lauderdale, Florida this 20th day of October, 2021.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to

All Counsel of Record